**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 99-cr-00120-REB
Civil Case No. 05-cv-00893-REB

UNITED STATES OF AMERICA,

      Plaintiff-Respondent,

v.

GARY DeWILLIAMS,

      Defendant-Movant.

---

**MINUTE ORDER**[1]

---

    Defendant's motion for transfer to venue of case [#358], filed June 10, 2005, is **DENIED**. Such a transfer is not the type of relief that is available under § 2255.

    The United States' motion for an extension of time [#360], filed June 22, 2005, is **GRANTED**. The response filed by the United States on July 27, 2005, is accepted as timely.

    The defendant's motion to obtain transcripts [#361], filed July 5, 2005, is **DENIED**. Under 28 U.S.C. § 753(f), a free transcript must be provided to a defendant who has moved for relief under § 2255 only when the trial judge certifies that the suit is not frivolous and the transcript is needed to decide the issue presented. I this case, I conclude that transcript is not needed to decide the issues presented. ***See United States v. MacCollom,*** 426 U.S. 317, 325 - 329 (1976) (plurality) (interpreting a § 2255 petition and 28 U.S.C. § 753(f)). A prisoner does not have the right to a free transcript simply to search for error in the record. ***Ruark v. Gunter***, 958 F .2d 318, 319 (10th Cir.1992).

    The defendant's motion to amend and supplement [#362], filed July 5, 2005, is **GRANTED**. The amendment and supplement included in the motion is accepted as a supplement to the defendant's motion under 28 U.S.C. § 2255.

---

[1]This minute order is issued pursuant to the express authority of the Honorable Robert E. Blackburn, United States District Judge for the District of Colorado.

The defendant's motion to set reply date [#365], filed July 25, 2005, is **DENIED** as moot.

The defendant's motion to clarify motion for medical transfer [#371], filed August 9, 2005, is **DENIED**.  This motion is tied to [#358].  Such a transfer is not the type of relief that is available under § 2255.

The defendant's motion for leave to supplement [#373], filed August 12, 2005, is **GRANTED**.  The supplement and exhibits included with the motion are accepted as a supplement to the defendant's motion under 28 U.S.C. § 2255.

The defendant's motion for a copy of trial transcripts [#374], filed August 15, 2005, is **DENIED**.  The reasons stated above with regard to the motion docketed as [#361] are applicable equally to this motion [#374].

The defendant's motion for discovery [#375], filed August 15, 2005, is **DENIED**. The defendant has not shown good cause to permit the discovery he seeks, as required by Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

The defendant's motion to suspend § 2255 proceedings [#376], filed August 26, 2005, is **DENIED**.  The defendant has not shown good cause to suspend proceedings pending his receipt of discovery and transcripts.

The defendant's motion for transfer to another district [#380], filed October 4, 2005, is **DENIED**.  The defendant has not demonstrated a valid basis for such a transfer.

The defendant's motion to amend or supplement [#382], filed October 7, 2005, is **GRANTED**.  The amendment and supplement included in the motion is accepted as a supplement to the defendant's motion under 28 U.S.C. § 2255.

The defendant's motion for release on personal recognizance [#386], filed July 13, 2006, is **DENIED**.  The defendant is serving a lawfully imposed sentence and is not entitled to release.

The defendant's motion for hearing [#391], filed April 17, 2007, is **DENIED**.  The files and records in this case demonstrate that the movant is not entitled to relief under § 2255, and the defendant's § 2255 motion may be denied without a hearing.  ***U.S. v. Marr***, 856 F.2d 1471 (10th Cir. 1998).

Dated:  August 12 , 2008