FILED
United States Court of Appeals
Tenth Circuit

September 7, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re:

GARY D. DEWILLIAMS,

    Movant.

No. 12-1321
(D.C. No. 1:99-CR-00120-REB-1)
(D. Colo.)

---

**ORDER**

---

Before **MURPHY**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

Gary D. DeWilliams, a federal prisoner appearing pro se, has moved for authorization to file a second or successive 28 U.S.C. § 2255 motion challenging his 2002 conviction. Before a federal prisoner may file a second or successive motion under § 2255, he must first obtain an order from the court of appeals authorizing the district court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). We deny authorization.

Mr. DeWilliams was found guilty in 2002 of possession of a firearm and ammunition by a convicted felon.[1] On appeal, this court vacated his 2002 conviction and remanded for a new trial because his attorney had stipulated to an element of the crime without Mr. DeWilliams's consent. *United States v. DeWilliams*, 28 F. App'x

---

[1] Mr. DeWilliams is also serving a twenty-five year sentence for a 1988 conviction for bank robbery and making a false statement.

913 (10th Cir. 2001). Following remand, Mr. DeWilliams was again found guilty. This court affirmed his conviction on appeal. *United States v. DeWilliams*, 85 F. App'x 154, 159 (10th Cir. 2004). Mr. DeWilliams filed his first § 2255 motion in 2005, raising at least twenty claims. The district court denied the motion and we denied him a certificate of appealability (COA). *United States v. DeWilliams*, 315 F. App'x 81, 82 (10th Cir. 2009).

Mr. DeWilliams now seeks authorization to file a second or successive § 2255 motion. To obtain authorization to file a second or successive § 2255 motion, a federal prisoner must demonstrate that his proposed claims either depend on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense," § 2255(h)(1), or rely upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," § 2255(h)(2).

In his motion for authorization, Mr. DeWilliams seeks to present three claims. First, that his trial and appellate counsels were constitutionally ineffective. He admits that he raised this claim in his first § 2255 motion, but asserts that his claims now are based on new law, citing *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and new evidence, based on his conclusory and unsupported assertion that facts, evidence and events were suppressed, disregarded or overlooked. Second, that the prosecutor knowingly presented false evidence, tampered with evidence, and failed to present

exculpatory evidence at trial. He makes the conclusory assertion that this claim is based on new evidence. Third, that he was abandoned by the attorney appointed to assist him during sentencing. He asserts this claim is based on new law, namely, *Lafler* and *Missouri v. Frye* 132 S. Ct. 1399 (2012).

*Lafler*, and its companion case, *Frye*, reaffirmed the existing constitutional right to effective counsel in the plea bargaining process. *Lafler*, 132 S. Ct. at 1384; *Frye*, 132 S. Ct. at 1405. Neither *Lafler* nor *Frye* have any application to Mr. DeWilliams's proposed claims because he was convicted by a jury. Furthermore, the Supreme Court has not held that *Lafler* or *Frye* announced a new rule of constitutional law that is retroactively applicable to cases on collateral review. *See Bey v. United States*, 399 F.3d 1266, 1268 (10th Cir. 2005) ("[A] new rule is made retroactive to cases on collateral review only when the Supreme Court *explicitly holds* that the rule it announced applies retroactively to such cases.").

As to his assertion that his first two claims are all based on new evidence, we have carefully reviewed Mr. DeWilliams's motion for authorization and his prior appeal and § 2255 motion. We conclude that the predicate facts of these proposed claims have been available to him since his first § 2255 motion (indeed, most were asserted in that § 2255 motion) and, therefore, that his proposed claims are not based on any new evidence. Moreover, Mr. DeWilliams has not made a prima facie showing that his alleged new evidence, would, if proven and viewed in light of the evidence as a whole, be sufficient to establish his innocence.

Because Mr. DeWilliams has failed to satisfy the requirements to file a successive § 2255 motion, we DENY authorization. This denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk