**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 99-cr-00120-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GARY DeWILLIAMS,

    Defendant,

**ORDER DENYING MOTION FOR RECUSE PURSUANT TO
28 U.S.C. § 445(a)** [*sic*]**, (b)(1), (5)(iv)**

**Blackburn, J.**

The matter is before me on the following motions filed pro se by the defendant: (1) **Motion For Recuse Pursuant To 28 U.S.C. § 445(a)** [*sic*]**, (b)(1), (5)(iv)** [#428][1] filed October 24, 2012; and (2) **Motion To Disqualify, Pursuant To 28 U.S.C. § 144 (2013)** [#437] filed April 24, 2013. The government filed responses [#436 & #439] to the motions. I deny both motions.

The defendant, Gary DeWilliams, is acting *pro se*. Therefore, I construe his filings generously and with the leniency due pro se litigants, see ***Erickson v. Pardus***, 551 U.S. 89, 94 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Belmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21 (1972)).

Under 28 U.S.C. § 455, a judge must recuse himself when "a reasonable person,

---

[1] "[#428]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

knowing all the facts, would harbor doubts about the judge's impartiality." ***Bryce v. Episcopal Church in the Diocese of Colorado***, 289 F.3d 648, 659 (10th Cir. 2002) (citation omitted).  Proof of actual bias is not necessary; recusal is required if the facts, from an objective perspective, admit of the appearance of bias.  ***Id.***; ***Salt Lake Tribune Publishing Co. v. AT & T Corp.***, 353 F.Supp.2d 1160, 1172 (D. Utah 2005). Nevertheless, "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice."  ***United States v. Hines***, 696 F.2d 722, 729 (10th Cir. 1982); ***see also Bryce***, 289 F.3d at 659.  Instead, "'[d]isqualification for lack of impartiality must have a *reasonable* basis.'"  ***See Jackson v. Fort Stanton Hospital and Training School***, 757 F.Supp. 1231, 1240 (D.N.M. 1990) (quoting H.R. Rep. No. 93-1453, 93rd Cong., 2nd Sess., 1974 U.S.C.C.A.N. 6351, 6355) (emphasis in original).

      Mr. DeWilliams asserts that I must recuse myself from this case because I have exhibited bias against him.  Mr. DeWilliams claims my bias is demonstrated by my failure to address an issue he has raised in this case on more than one occasion and in other ways described in his motions.

      In 2002, a jury found Mr. DeWilliams guilty of the charge of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  Mr. DeWilliams chose to represent himself at trial, but he was permitted to have advisory counsel present.  During the trial, a police officer who arrested Mr. DeWilliams identified Mr. DeWilliams and identified a gun found on Mr. DeWilliams' person when he was arrested.  Possession of that gun by Mr. DeWilliams was key to his conviction.

      Mr. DeWilliams has a photograph of a gun of the same make and model as the gun admitted in evidence at his trial.  The photograph includes a tag bearing the case number 02-CR-240-N-1.  Mr. DeWilliams says he obtained this photograph from the file of

his advisory counsel.  Mr. DeWilliams contends that the existence of the photograph fatally undermines the evidence presented at his trial, including the gun admitted into evidence at this trial.

Mr. DeWilliams raised this issue in his initial motion under 28 U.S.C. § 2255.  Mr. DeWilliams raised the issue of the photograph of the gun in claims eleven and nineteen in his initial § 2255 motion.  I denied relief on claim eleven because, as presented in the motion, that claim was tied to an earlier trial of Mr. DeWilliams, a trial not at issue in the § 2255 motion.  *Order* [#396] filed August 12, 2008. I denied relief on claim nineteen because Mr. DeWilliams was fully able to raise the issue he raised in claim nineteen on direct appeal, but he did not do so.  As a result, I concluded that he was barred from raising this issue in his § 2255 motion. ***U.S. v. Warner***, 23 F.3d 287, 291 (10th Cir.1994).  *Id.*

The facts summarized above would not cause a reasonable person to harbor doubts about my impartiality in this case.  The same is true of the other facts described by Mr. DeWilliams in his two motions. Thus, both motions to recuse should be denied.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the defendant's **Motion For Recuse Pursuant To 28 U.S.C. § 445(a)** [*sic*]**, (b)(1), (5)(iv)** [#428] filed October 24, 2012, is **DENIED**; and

2.  That the defendant's **Motion To Disqualify, Pursuant To 28 U.S.C. § 144 (2013)** [#437] filed April 24, 2013 is **DENIED**.

Dated August 8, 2013, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

3