**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 99-CR-120-RB

UNITED STATES OF AMERICA,

      Plaintiff-Respondent,

v.

GARY DeWILLIAMS,

      Defendant-Movant.

**ORDER DENYING MOTION FOR RELIEF UNDER FED. R. CIV. P. 59(e)**

**Blackburn, J.**

This matter is before me on the defendant's **Motion To Amend or Alter Judgment [#429], Pursuant To Rule 59(e), FED. R. CIV. P. (2013)** [#451][1] filed August 20, 2013. I deny the motion.

The defendant, Gary DeWilliams, is acting *pro se*. Therefore, I construe his filings generously and with the leniency due pro se litigants, see ***Erickson v. Pardus***, 551 U.S. 89, 94 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Belmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21 (1972)).

On August 9, 2013, I entered an **Order Denying Motion for Relief Under FED. R. CIV. P. 60(b)** [#447]. The background of this case is summarized in that order and I

---

[1] "[#451]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

will not rehearse it here. In his present motion, Mr. DeWilliams asks me to "amend or alter the judgment entered by this Court on August 9, 2013, as well as the other co-related orders of denial entered on August 8-9, 2013, to re-open proceedings entered on August 12, 2008, Doc. 396, and consider and make a [sic] findings of fact and legal conclusion regarding the Government's use of false, manufactured, evidence, and perjury . . . ." *Motion* [#451], p. 1 (emphasis omitted).

FED. R. CIV. P. 59(e) provides for a motion to alter or amend a judgment. The primary bases for a motion under Rule 59(e) are

> (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.

***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). My August 9, 2013, order [#447] does not constitute a judgment under FED. R. CIV. P. 54. Thus, the provisions of Rule 59(e) are not applicable to that order.

Construing Mr. DeWilliams' motion liberally, it can be read possibly as a motion for relief from that order under Rule 60(b). In my August 9, 2013, order [#447], I denied relief under Rule 60(b). Mr. DeWilliams essentially seeks the same relief in his present motion. As detailed in my August 9, 2013, order [#447], there is no basis to grant relief under Rule 60(b).

Alternatively, Mr. DeWilliams' present motion can be read as a motion to reconsider. The bases for granting reconsideration are essentially identical to the bases for relief under Rule 59(e):

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has

2

> misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

There has been no intervening change in the controlling law concerning Mr. DeWilliams' convictions. Mr. DeWilliams does not point to any evidence previously unavailable. Nothing stated in the present motion or in Mr. DeWilliams' previous motions demonstrates the need to correct clear error or to prevent manifest injustice.

In his present motion, Mr. DeWilliams claims again that an issue he raised in his initial motion for relief under 28 U.S.C. § 2255 was never resolved. This claim revolves around his contention that a photograph Mr. DeWilliams found in the files of his advisory counsel fatally undermines the evidence presented at his trial, including the gun admitted into evidence at his trial and the testimony indicating that Mr. DeWilliams possessed that gun at the relevant time. The photograph shows a gun very similar to the gun admitted in evidence at Mr. DeWilliams' trial. The evidence tag in the photograph contains a case number different from the case number of the above captioned case. Mr. DeWilliams has been aware of this photograph for more than ten years. As I noted previously in his initial motion under § 2255 [#354] filed May 16, 2005, Mr. DeWilliams raised the issue of the photograph of the gun in claims eleven and nineteen. I denied relief on claim eleven because, as presented in the motion, that claim was tied to an earlier trial of Mr. DeWilliams, a trial not at issue in the § 2255 motion. *Order* [#396] filed August 12, 2008. I denied relief on claim nineteen because Mr. DeWilliams was fully able to raise the issue he raised in claim nineteen on direct

appeal, but he did not do so. *Id.* As a result, I concluded that he was barred from raising this issue in his § 2255 motion. **U.S. v. Warner**, 23 F.3d 287, 291 (10th Cir.1994). *Id.*

In his present motion, Mr. DeWilliams claims yet again that he is challenging the integrity of the proceedings made the focus of his motion under § 2255, arguing that one or more of his claims were not resolved. However, the record demonstrates that all of the claims asserted by Mr. DeWilliams in his § 2255 motion were resolved. Mr. DeWilliams has not shown any arguable basis for relief under Rule 59(e) or Rule 60(b), nor has he demonstrated any basis for reconsideration of my previous orders.

**THEREFORE, IT IS ORDERED** that the defendant's **Motion To Amend or Alter Judgment [#429], Pursuant To Rule 59(e), FED. R. CIV. P. (2013)** [#451] filed August 20, 2013, is **DENIED**.

Dated August 22, 2013, at Denver, Colorado.

                                          **BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge