**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-01588-REB
Criminal Action No. 99-cr-00120-REB

UNITED STATES OF AMERICA,

    Plaintiff / Respondent,

v.

1.    GARY DEWILLIAMS, also known as
    GARY D. DEWILLIAMS,

    Defendant / Movant.

---

## ORDER DENYING MOTION TO RECONSIDER

**Blackburn, J.**

This matter is before the court on the **Motion for Reconsideration of Sanction Order and or Motion To Amend or Alter Judgment (Fed. R. Civ. P. 11(c) & Rule 59(e))** [#485][1] filed August 8, 2014. I deny the motion.

The defendant, Gary DeWilliams, is acting *pro se*. Therefore, I continue to construe his filings generously and with the leniency due pro se litigants, see ***Erickson v. Pardus***, 551 U.S. 89, 94 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Belmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21 (1972)).

On July 28, 2014, I entered an **Order Imposing Filing Restrictions** [#484]. In that order and in my earlier **Order Denying 28 U.S.C. § 2255 Motion and Directing**

---

[1] "[#485]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

**Movant to Show Cause** [#479], I detail the bases for imposing filing restrictions on the defendant. In his present motion, Mr. DeWilliams asks me to vacate or set aside my **Order Imposing Filing Restrictions** [#484]. *Motion* [#485], p.1. At the conclusion of his motion, Mr. DeWilliams asks the court "to reconsider its numerous court orders (Doc. 368 - 484)." *Id.*, p. 3.

FED. R. CIV. P. 59(e) provides for a motion to alter or amend a judgment. The primary bases for a motion under Rule 59(e) are

> (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). My **Order Imposing Filing Restrictions** [#484] does not constitute a judgment under FED. R. CIV. P. 54. Thus, the provisions of Rule 59(e) are not applicable to that order. To the extent Mr. DeWilliams seeks alteration or amendment of my **Order Denying 28 U.S.C. § 2255 Motion and Directing Movant to Show Cause** [#479], I find and conclude that none of the three bases for relief specified in Rule 59(e) is applicable to that order.

Construing Mr. DeWilliams' motion liberally, it might be read as a motion for relief under FED. R. CIV. P. 60(b) concerning the **Order Imposing Filing Restrictions** [#484] or the **Order Denying 28 U.S.C. § 2255 Motion and Directing Movant to Show Cause** [#479]. Given the record in this case, none of the bases for relief specified in Rule 60(b) is applicable to those orders.

Alternatively, Mr. DeWilliams' motion can be read as a motion to reconsider. The

bases for granting reconsideration are essentially identical to the bases for relief under Rule 59(e):

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

There has been no intervening change in the controlling law concerning Mr. DeWilliams' convictions, the denial of his motions for relief under § 2255, or the bases for the imposition of filing restrictions on Mr. DeWilliams. Mr. DeWilliams does not point to any evidence previously unavailable. Nothing stated in the present motion or in Mr. DeWilliams' previous motions demonstrates the need to correct clear error or to prevent manifest injustice.[2]

In his motion, Mr. DeWilliams argues yet again that he is challenging the integrity of the proceedings made the focus of his motions under § 2255. He argues that the evidence in the record shows beyond a doubt that he is a "victim of a miscarriage of justice" and is "legally and factually INNOCENT . . . ." *Motion,* pp. 2 - 3 (emphasis in

---

[2] Mr. DeWilliams fares no better if his motion is construed as a motion to reconsider in a criminal case. In a criminal case, a motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law. ***U.S. v. Christy***, 739 F.3d 534, 539 (10th Cir. 2014). Specific grounds include: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Id.* (citations and internal quotations omitted). However, a motion to reconsider may not be used to revisit issues already addressed or advance arguments that could have been raised earlier. *Id.*

original).  For the reasons asseverated repeatedly in the several orders filed in this case which address the § 2255 motions of Mr. DeWilliams, I conclude that the record in this case provides no support for the contentions of Mr. DeWilliams.[3]

Under 28 U.S.C. § 1915(a)(3), the court certifies that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  **Coppedge v. United States**, 369 U.S. 438 (1962).  If Mr. DeWilliams files a notice of appeal, he also must pay the full appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Motion for Reconsideration of Sanction Order and or Motion To Amend or Alter Judgment (Fed. R. Civ. P. 11(c) & Rule 59(e))** [#485] filed August 8, 2014, is **DENIED**; and

2.  That leave to proceed *in forma pauperis* on appeal is **DENIED** without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

Dated October 23, 2014, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[3] Further, as a matter of law, this court is without jurisdiction to consider a successive § 2255 motion. 28 U.S.C. § 2255(h) and 28 U.S.C. § 2244(b)(3); **In re Cline**, 531 F.3d 1249, 1251 (10th Cir. 2008).